Louis Bauer, Appellant, *v.* Thomas C. Platt, Respondent, Impleaded with Others.

*Equity will entertain an action against the directors of a corporation by a creditor on his own behalf and that of all others — proper parties to such an action.*

The charter of the American Loan and Trust Company provided that every director thereof should be personally liable for the debts incurred by the corporation during his administration to an amount not to exceed $5,000.

A creditor of the corporation brought an action in equity against the directors, for his own benefit and that of all other creditors, to the complaint in which two of the directors, the defendants, Platt and Thurston, demurred on the ground that it did not state facts sufficient to constitute a cause of action against them, claiming that a suit in equity would not lie, the charter giving to a creditor an action of debt against the directors, and also on the ground that the corporation was a necessary party defendant and the other creditors were necessary parties plaintiff.

*Held,* that the action would lie in equity, as a multiplicity of suits would be thereby prevented, and the rights and liabilities of all the parties interested would be determined in one suit;

That the corporation was not a necessary party defendant in this stage of the action, nor were the other creditors necessary parties plaintiff.

APPEAL by the plaintiff, Louis Bauer, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 18th day of November, 1892, upon the decision of the court rendered after a trial at the New York Special Term, sustaining the demurrer of the defendants Platt and Thurston to the plaintiff's complaint.

*James Dunne*, for the appellant.

*Tracy, Boardman & Platt*, for the respondent.

PARKER, J.:

The complaint alleges the organization as a domestic corporation of the American Loan and Trust Company; pleads the charter, which provides that "every director shall be personally liable for debts incurred by the corporation during his administration to an amount not exceeding $5,000;" avers that defendants, and none others, were the duly qualified directors for the year 1890; the contracting of the debt by the company to plaintiff during that year; the demand for, and the refusal of, payment; the commencement of actions against the company on such indebtedness; the recovery of five judgments thereon; the issuing of executions against the company and the return thereof wholly unsatisfied; pleads anew the five certificates, which evidence the indebtedness of the company; contains appropriate allegations of presentment and demand and non-payment; asserts that other creditors are about to commence actions similar to this; that the actual indebtedness contracted by the company during the year 1890, for which defendants are liable, cannot be ascertained without an investigation of the accounts between the company and its directors, and the creditors of the company similarly situated as the plaintiff in this suit, where all such directors are made parties, and where such other creditors similarly situated can come in and have their interests protected.

The complaint concludes with a prayer for relief in his own behalf, and in behalf of all other creditors similarly situated, who shall come

in and join him, appropriate to the facts alleged, and asking, among other things, whether said defendants as directors are liable to pay said debts, or any part thereof; if so, what directors are liable; for what amounts; in what proportions; that the liability of said directors so ascertained and determined be enforced, and that each of the defendants be restrained from paying to any creditor of the American Loan and Trust Company any sum of money whatever, as a liability under section 11 of the charter of the company, until the determination of the suit.

One of the grounds of demurrer sustained by the trial court is, that the complaint does not state facts sufficient to constitute a cause of action against this defendant.

The point specially relied on to support such ground of demurrer is that a suit in equity will not lie; that by the 11th section of the charter an action of debt is given to any individual creditor against one who was a director at the time his debt accrued. That such a creditor has a remedy at common law, but can obtain no redress in equity. The provision of the charter is as follows: "Every director shall be personally liable for debts incurred by the corporation during his administration to an amount not exceeding $5,000." The charter does not, nor does any other statute, provide a special remedy for the enforcement of the right which it gives the creditors of the corporation against its directors.

The purpose of the provision was not only to insure vigilance on the part of the directors, but to further assure to the creditors of the company payment of their claims.

It has for its object the protection of all creditors, not a portion of them. That result might not be effectuated if each creditor should be compelled to resort to an action at law. The liability of each director does not exceed $5,000. If, then, each director should suffer judgment to go against him by default, the creditors first suing might recover their entire claims, while others less prompt would not receive anything.

If the directors should find that the amount of their statutory liability would not equal the deficiency of the company to its creditors, some or all of them might arrange for a preference of creditors, by answering, or demurring in some cases, while suffering default in others. By such methods, which even the vigilant prosecutor could

not overcome, some creditors might be paid in full, while others would receive little or nothing.

As the statute was intended for the benefit of all creditors, and all of them, as well as some of them, must be presumed to have trusted in part to the protection assured them by its provisions, it is no more than just that each creditor should share ratably in the fund which an enforcement of the liability of the directors will produce.

A favored class of suits in courts of equity are those where, by bringing in all the parties interested in the particular subject-matter, complete justice to all may be had in one suit, thus preventing excessive litigation. (Moak's Van Santvoord's Pleadings [3d ed.], 108.)

Where there are a number of parties, and a multiplicity of actual or threatened suits, a resort to a court of equity will sometimes be justified when the subject is not at all of an equitable character, and there is no other element of equity jurisdiction. (*Board of Supervisors* v. *Deyoe*, 77 N. Y. 219.)

Now, the complaint charges in substance that other parties are about to commence actions against these defendants for the purpose of recovering the amounts of their respective claims as creditors of the American Loan and Trust Company.

The allegation is sufficient to inform the court that a multiplicity of suits is threatened and may be prevented if an action in equity broad enough to secure the rights of all the parties be prosecuted. It is apparent that much useless and probably expensive litigation will result if equity do not take jurisdiction and determine and enforce the rights and interests of all the parties.

Here are twenty directors, each of them liable in the sum of $5,000 — this plaintiff's claim is over $10,000 — so in order to recover at law it would be necessary for him to bring three separate actions, but a dozen other creditors perhaps might sue the same directors, with the result that some portion of them would suffer defeat, because the first judgment obtained would exhaust the amount of the directors' liability.

In *Weeks* v. *Love* (50 N. Y. 568), the question was presented, whether a creditor of a manufacturing corporation organized under

the act of 1848 (Laws of 1848, chap. 40) could maintain an action against one of the stockholders to enforce the liability imposed upon a stockholder by the act, when there are other creditors similarly situated.

It was held, following *Bank of Poughkeepsie* v. *Ibbotson* (24 Wend. 473); *Garrison* v. *Howe* (17 N. Y. 458), that a single creditor of the corporation could maintain an action at law against one of several stockholders to recover a debt owing, but the court said "the personal liability of stockholders under these acts may be enforced in an equitable action against all the stockholders," and quoted with approval an intimation in *Garrison* v. *Howe* (*supra*), "that a stockholder who had been sued by a creditor, in case of a recovery against him would subject him to a greater liability for the debts of the corporation than his share, as between himself and the other stockholders, might commence an equitable action against all the creditors and stockholders for an account, and for contribution, with a view to distribute the burden of the debt among the stockholders, according to the amount of stock held by them respectively."

The discussion in *Pfohl* v. *Simpson* (74 N. Y. 137) is directly applicable and controlling here. That action was authorized by a statutory provision making stockholders liable for the debts of the corporation in an amount equal to their respective stockholdings. It was conceded that an action would lie by a creditor of a corporation against a stockholder, and the question was, whether a suit in equity could be maintained, and the court, probably in answer to a suggestion made in that case, similar to one made here — that the liability created by the statute was special, and not analogous with the cases in which courts of equity have taken jurisdiction — said : "It matters not whether the right of action to so many arises from general principles of law, or from particular provisions of Constitution or of statute. If the right exists, and is likely to be used so as to produce the mischief, the jurisdiction of equity arises and attaches."

The opinion of Judge Folger in that case also answers another point which is made here, that the liability of defendants is a several and not a joint liability.

" The provision in the charter of the corporation, that the stockholders shall be severally liable, does not have such reach as that it precludes the attaching and exercise of this jurisdiction of equity.

That provision fills the full scope of the legislative intention, when a stockholder is held liable by any jurisdiction, in any form of action, whether sued alone or brought into court with some or many others in like category, for as much as, and no more than, the facts of his own relation to the corporation and its creditors and co-stockholders. demand.

" He may not in any action be made liable (under provisions like those of this charter) for more than an amount equal to the sum of the stock owned by him individually, in addition to his liability to pay in full the stock subscribed for or bought by him.

" Though he be sued with others, and at the suit of many, or in a suit for the benefit of many, if he is not cast in judgment for more than the amount above indicated, his several liability is preserved."

It is clear, therefore, that no harm can result to the directors from bringing them all into court on the equity side, for they cannot in any event be decreed to pay more individually than the liability named in the charter, and assumed by them when they ·became directors.

Indeed, it would seem that such a suit is peculiarly adapted for the protection of directors in such cases, from the possibility of vexatious litigation.

If the amount due creditors equals or exceeds the aggregate of the statutory liability of the directors, the judgment decreeing that each make payment of the sum for which he is liable will relieve him from the annoyance and expense of further litigation ; on the other hand, if it should prove to be less, the judgment will provide for a ratable payment, and in addition to the other litigation which would otherwise be threatened, possibly an action for contribution may be avoided.

If it should later appear that the rights of all the parties in interest can only be protected by bringing in other parties than those now befort the court it will order them brought in, and thus in the end the object which the statute had in view in attaching a liability to the directors, to-wit, security of the creditors, will be effectuated as nearly as possible by the accumulation of a fund from the directors, and its proportionate distribution among the creditors of the corporation entitled thereto, and at a minimum of expense, because accomplished through one suit.

Having reached the conclusion that a suit in equity will lie, we come to the consideration of the other grounds of demurrer.

The first is, that there is a defect of parties defendant, in that the American Loan and Trust Company was not made a defendant in this action. It may be assumed that the corporation is a proper party to the suit, but demurrer will not lie unless it is a necessary party.

In *McMahon* v. *Allen* (12 How. Pr. 39), the phrase " a complete determination of the controversy," was held to mean, when there are persons not parties whose rights must be ascertained and settled, before the rights of the parties to the suit can be determined. This definition was cited with approval in *Chapman* v. *Forbes* (123 N. Y. 532–538).

In *Anderton* v. *Wolf* (41 Hun, 572), it was held that " in order to sustain a demurrer for a defect of parties, it must appear that the party demurring has an interest in having the omitted parties joined, or that he is prejudiced by the nonjoinder."

Now, applying these rules, we find, first, that the corporation has no rights to be ascertained and settled before the rights of the parties to the suit can be determined.

The liability of the directors is not created for the benefit of the corporation, but rather for that of its creditors. It is not an asset of the corporation, and cannot be enforced by it, nor by a receiver of its assets, appointed in an action for a dissolution of the corporation. The liability is to the creditors, and they alone can compel its payment. (Cook on Stock & Stockholders, § 216; *Farnsworth* v. *Wood*, 91 N. Y. 308; *Billings* v. *Robinson*, 94 id. 415.)

These decisions, it is true, were in cases arising under the Manufacturing Act, but they are equally applicable here.

It is said that the demurrant has an interest in having the corporation made a defendant, for the purpose of showing how much its assets can pay on the claim of plaintiff and others similarly situated, who may come in and prosecute the suit, and thus equitably adjust the amount which he is called upon to pay, but that point is not well made, unless it appears upon the face of the complaint that the corporation had assets which can be applied in payment of its creditors, and it does not so appear, while the allegation touching the issuing of executions, and their return

wholly unsatisfied, sufficiently establishes the insolvency of the corporation.

It was held in *Mickles* v. *Rochester City Bank* (11 Paige 118–127), that if the corporate property is exhausted, and the bill is filed for the mere purpose of enforcing the liability of stockholders, the corporation need not be made a party.

It may well be that after the pleadings are all in, it will appear to be a necessity to make the corporation a party, then the court, in the exercise of its equitable jurisdiction, and in pursuance of the authority conferred by the Code of Civil Procedure, will bring in the corporation, and such other parties, if any there be, which it may deem needful in order to secure a final and equitable adjustment of the matters in controversy.

A further ground of demurrer is that there is a defect of parties plaintiff, in that the other creditors for whose benefit the suit is brought, are not joined either as parties plaintiff or parties defendant. The Code provides that, "Where the question is one of a common or general interest of many parties * * * one or more may sue or defend for the benefit of all." (§ 448.)

It sufficiently appears from the complaint, we think, that the question is one of common interest to many persons.

If other creditors fail to come in in due course plaintiff will be entitled to a judgment for the enforcement of such rights as he may have.

The interlocutory judgment sustaining the demurrer should be reversed, with costs, and the demurrer overruled, with leave to answer within twenty days on the payment of twenty dollars costs.

O'BRIEN, J., concurred; FOLLETT, J., not voting.

Interlocutory judgment sustaining the demurrer reversed, with costs, and the demurrer overruled, with leave to answer within twenty days on the payment of twenty dollars costs.