79  103
152a 121

THE UNITED GLASS COMPANY, Appellant, *v.* CALVIN P. H. VARY and Others, Respondents.

*Liability of stockholders under section 10 of chapter 40 of 1848 — when equitable relief will be granted — exhaustion of the remedy against the corporation must be shown — surrender of a corporate franchise — when inferred.*

In an action brought by a creditor against the stockholders of a corporation under section 10 of chapter 40 of the Laws of 1848, in behalf of itself and other creditors thereof, who may choose to come in and share the benefit, equitable relief will be granted to prevent a multiplicity of suits in a case where the stockholders have become liable under the statute, and there are several creditors.

The exhaustion of remedy against a corporation as provided by the statute is a condition precedent to the maintenance of an action to charge its stockholders with the personal liability imposed by section 10 of chapter 40 of the Laws of 1848. It is similar in effect to the requirement of the entry of judgment and return of execution unsatisfied against any other debtor before proceeding by action to reach property or funds equitably chargeable with the payment of his debt, and cannot be dispensed with in any case except where its accomplishment is practically impossible. Creditors can only be relieved from the necessity of that condition when it cannot be performed, as when a corporation has been dissolved, or for other cause judgment and execution cannot go against it.

To infer the surrender of corporate franchises from insolvency and suspension for a less period than that designated by the statute to consummate it, the circumstances must be such as to make it appear that the corporation has not the power to continue or resume its business.

The futility of the preliminary remedy against a corporation cannot, in an action against the stockholders thereof to charge them with the liability imposed by section 10 of chapter 40 of the Laws of 1848, be effectually shown otherwise than by evidence of its result.

APPEAL by the plaintiff, The United Glass Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Wayne on the 28th day of November, 1893, upon a dismissal of the complaint directed by the court after a trial at the Wayne Circuit before the court and a jury, and also from an order entered in said clerk's office on the 17th day of November, 1893, dismissing the complaint with notice of an intention to bring up for review on such appeal said order, the preliminary objections raised at said trial to the motion to dismiss the complaint, the judgment herein and the order made on the 13th

day of November, 1893, requiring the plaintiff to proceed to the trial of said action.

*Charles S. Kent,* for the appellant.

*E. A. Nash,* for respondents Trotter, Reynolds and Rose.

*Horace McGuire,* for respondents Vary, Keener and Pitkin.

BRADLEY, J.:

The plaintiff by the complaint alleges that the Trotter Refrigerator Company was incorporated under the Manufacturing, etc., Act of 1848 (Chap. 40), and those amendatory of it, by filing a certificate of incorporation March 19, 1890, whereby the capital stock was fixed and limited to $75,000, divided into shares of $100 each; that the 750 shares were issued as full-paid stock, but that it never was paid in full; that all the defendants are stockholders of the company; that in an action brought in June, 1891, in the Supreme Court, by Pitkin, against it, an order was made appointing Peter R. Sleight receiver of the corporation; that he qualified, took possession of and sequestered, as far as possible, all the goods, chattels, property and choses in action of the company; that the "said action is now pending undetermined, and no final judgment or judicial decree of dissolution has been entered therein, and said corporation has not in fact been dissolved, though it is for all practical or business purposes dissolved;" that in September following an interlocutory judgment or order was entered in that action continuing the receiver, and that thereafter large amounts of money came into his hands and were wholly paid out upon certain executions issued upon judgments and for disbursements; that the indebtedness of the company to the plaintiff (particularly specified) was so contracted as by its terms to be paid within one year; that it has not reduced its claim to judgment, etc., "because of the order of this court made in said action, wherein said receiver was appointed, restraining all persons and creditors of said corporation from commencing and prosecuting any action against" it, and because the plaintiff is "advised the said corporation is in fact dissolved, and all its property, of every name and nature sequestered, and in the hands of a receiver," and that execution could not be levied upon or satisfied out of property of the corporation. And some other

matters are alleged in relation to other creditors who may be permitted to come in and share the benefits of the action, and thus obviate the necessity of a multiplicity of suits, with a view to the equitable relief expressed in the prayer of the complaint.

Equitable relief of that character may properly be the purpose of an action by a creditor of a corporation against its stockholders in a case where they have become liable under the statute and there are several creditors, to prevent multiplicity of suits, and thus take an account for all of them. (*Briggs* v. *Penniman*, 8 Cow. 387; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Bauer* v. *Platt*, 72 Hun, 326.)

The question in the present case is whether or not the plaintiff was in a situation to maintain the action. It seeks to charge the stockholders with liability under the statute, which provides that the stockholders of a company shall be liable to its creditors to an amount equal to that of their stock until the whole amount of the capital stock of the company shall have been paid in, and certificate thereof recorded. (Laws 1848, chap. 40, § 10.) But that no stockholder shall be personally liable for any such debt until an execution against the company shall have been returned unsatisfied wholly or partially. (Id. § 24.) This requirement, preliminary to the plaintiff's action, is not alleged in the complaint, but, averring that no judgment has been recovered upon its debt against the corporation, and no execution returned unsatisfied, the plaintiff alleges, by way of avoidance of the necessity for it, that a receiver appointed of the corporation has sequestered its property, and that, while the corporation has not in fact been dissolved, it is for all practical or business purposes dissolved, and adds that the plaintiff has not proceeded to judgment and execution because of the order by which the receiver was appointed restraining creditors from prosecuting the corporation.

The exhaustion of remedy against a corporation, as provided by the statute, is a condition precedent to the maintenance of an action to charge its stockholders. (*Handy* v. *Draper*, 89 N. Y. 334; *Rocky Mountain N. Bank* v. *Bliss*, Id. 338.) In that respect it is similar in effect to the requirement of judgment and return of execution unsatisfied against any other debtor before proceeding by action to reach property or funds equitably chargeable with the pay-

ment of his debt. (*Estes* v. *Wilcox,* 67 N. Y. 264; *Adsit* v. *Butler,* 87 id. 585.) And in neither case can it be dispensed with for any cause except such as renders its accomplishment practically impossible. The death of the debtor does not permit the creditor at large to proceed in equity by what is known as a creditor's bill, because an action can first go against the personal representative of the deceased debtor, and in such case the bill will not be supported by the fact that he died insolvent. (*Estes* v. *Wilcox, supra.*) A creditor can be relieved from the necessity of that condition only when it cannot be performed. (*National T. Bank* v. *Wetmore,* 124 N. Y. 241.) And so, when a corporation has been dissolved or for other cause judgment and execution cannot go against it, the creditor may be relieved from the statutory requirement. (*Shellington* v. *Howland,* 53 N. Y. 371.)

In the present case there had been no judicial dissolution of the corporation nor had it ceased to have existence as such. The alleged receivership was created by an interlocutory order in a pending action against it. The purpose of that action is not alleged in the complaint, nor can it be assumed that its object was to put an end to its corporate existence. At all events, so far as appears, it still retains its corporate franchise. And it does not appear that the plaintiff could not have obtained leave of the court to bring action against it if such leave were necessary, as we may assume it to have been. There are cases to the effect that a corporation may suffer that to be done which will destroy or defeat the object of its creation, and which is equivalent to the surrender of its rights as such, and thus relieve its trustees from liability for not doing that which otherwise would be requisite to their protection. But those cases do not necessarily determine that the trustees can be made liable to a creditor of the corporation without his having first proceeded to judgment and execution against the corporation. (*Slee* v. *Bloom,* 19 Johns. 456; reversing 5 Johns. Ch. 366; *Bruce* v. *Platt,* 80 N. Y. 379; *Hollingshead* v. *Woodward,* 107 id. 96.)

And when that can be done no reason is seen for its dispensation by the creditor who seeks to charge the trustees.

The doctrine of those cases is that when a manufacturing, etc., corporation has encountered circumstances by which it is disabled from further proceeding in the execution of the purposes of its

creation, the trustees may, without liability, omit to file certificates, or do that which otherwise is requisite for their protection.

In such case and for such purpose at least its corporate functions would be suspended. But to infer the surrender of corporate franchises from insolvency and suspension for a less period than that designated by the statute to consummate it, the circumstances must be such as to make it appear that the corporation has not the power to continue or resume its business. (*Bradt* v. *Benedict*, 17 N. Y. 93.)

In the present case the facts alleged in the complaint are not such as to show a dissolution of the corporation. (*Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Decker* v. *Gardner*, 124 id. 334.)

And the futility of the preliminary remedy against it cannot effectually be shown otherwise than by evidence of its result.

If these views are correct the complaint failed to state facts sufficient to constitute a cause of action, and the judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed, with costs.