The People of the State of New York, Respondent, v. Manhattan Real Estate and Loan Company of New York, Appellant.

Corporations — Action to Dissolve Corporation Subject to the Banking Law — Requisites of Complaint. A complaint in an action by the Attorney-General in the name of the People to procure a judgment against a real estate and loan corporation, subject to the provisions of the Banking Law (L. 1892, ch. 689), for the annulment or forfeiture of its charter and the appointment of a receiver for the distribution of its assets, is defective and demurrable upon the ground that it fails to state facts sufficient to constitute a cause of action, when such complaint does not contain any traversable allegation either to the effect that the defendant is insolvent and unable to pay its debts, or that it has violated any specific law; an allegation, which is merely a statement of the opinion of the superintendent of banks and the attorney-general that it is unsafe and inexpedient for the defendant to continue to transact business is not a sufficient basis for a judgment dissolving the corporation and distributing its assets through the medium of a receiver or otherwise.

*People* v. *Manhattan Real Estate & Loan Co.*, 74 App. Div. 535, reversed.

(Argued April 27, 1903; decided May 12, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 24, 1902, which affirmed a judgment of Special Term dissolving the defendant corporation and appointing a receiver of its effects.

The facts, so far as material, are stated in the opinion.

*William Hepburn Russell, William Beverly Winslow* and *John E. Ruston* for appellant. The attorney-general cannot maintain an action to dissolve the appellant in the name of the People, without a relator, merely because the superintendent of banks deems it " unsafe and inexpedient" for the corporation to continue business. (*People* v. *M. C. Bank,* 53 App. Div. 295; *People* v. *R. S. & L. Assn.,* 53 App. Div. 384; *Matter of M. H. Bank,* 153 N. Y. 208.)

*John Cunneen, Attorney-General* (*William H. Wood* of counsel), for respondent. An action can be maintained by the attorney-general in the name of the People, without a relator, to dissolve a corporation organized under and subject to the provisions of the Banking Law. (Code Civ. Pro. §§ 1785, 1786, 1808; *People* v. *M. C. Bank,* 53 App. Div. 295; *People* v. *R. S. & L. Assn.,* 53 App. Div. 385.) The complaint states facts sufficient to constitute a cause of action. (*Brouwer* v. *Harbeck,* 9 N. Y. 589; *Olney* v. *Baird,* 7 App. Div. 95; *B. Comr.* v. *Bank of Buffalo,* 6 Paige, 497.)

O'Brien, J. This is an action by the attorney-general in the name of the People to procure a judgment against the defendant for the annulment or forfeiture of its charter and the appointment of a receiver for the distribution of its assets. The defendant demurred to the complaint on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action. It is unnecessary to examine any other objection stated in the demurrer. The demurrer was overruled at the Special Term and leave given to the defendant to answer, but it did not avail itself of this permission and permitted final judgment to be entered, and from

that judgment appealed to the Appellate Division upon giving notice of its intention to bring up for review the interlocutory judgment overruling the demurrer.   The Appellate Division affirmed the judgment of the trial court, and the defendant has appealed to this court from the judgment of affirmance.

The disposition of this appeal depends upon the question whether the complaint states facts sufficient to constitute a cause of action.   Under the provisions of section 1785 of the Code the attorney-general may, of his own motion, maintain an action to procure a judgment for the dissolution of a corporation and the appointment of a receiver in certain cases therein specified.   None of the provisions of that section are applicable to this case except, possibly, the last, which is embraced in the fourth subdivision of the section.   That provision authorizes the action where the corporation becomes insolvent or unable to pay its debts or has violated any law. When the action is based upon an alleged violation of law the complaint should distinctly state what law or what provision of the corporate charter has been violated.   A general allegation that it has violated a law without specifying the particular law is manifestly insufficient.   The complaint in this action does not contain any allegation either to the effect that the defendant is insolvent or unable to pay its debts, or that it has violated any specific law.   So it is quite clear that the complaint is insufficient to sustain the action under this provision of the Code.   There are numerous vague and indefinite statements in the complaint from which evidentiary facts might be found or inferred.   It is alleged, substantially, that the defendant is conducting business at a loss and has made improvident contracts and other such irregularities, but there is no statement in a traversable form either that the defendant is insolvent, or that it is engaged in the violation of any law binding upon it.   In order to justify an action by the attorney-general under this provision of the Code, one or more of the facts specified in the section should be distinctly alleged.

It is conceded on all sides that the defendant is a corporation which is subject to the provisions of the Banking Law. By virtue of the provisions of that law the powers of visitation and inspection conferred upon the superintendent of the banking department are applicable to the defendant. Sections seventeen and eighteen of that statute prescribe the procedure by means of which this power of visitation and inspection is to be exercised and the consequence of the omission to comply with the direction in certain cases of the superintendent, and the last clause of section eighteen provides: " If it shall appear to the superintendent that any such corporation or banker has violated its charter or any law of this state, or is conducting business in an unsafe or unauthorized manner, he shall, by an order under his hand and official seal, addressed to such corporation or banker, direct a discontinuance of such illegal or unsafe practices, and conformity with the requirements of its charter, and with safety and security in its transactions ; and whenever it shall appear to the superintendent that it is unsafe and inexpedient for such corporation or banker to continue business, he shall communicate the facts to the attorney-general, who shall thereupon institute such proceedings against the corporation or banker as are authorized in the case of insolvent corporations, or such other proceedings as the nature of the case may require." (L. 1892, ch. 689.) It is stated in the complaint that from an examination made by the superintendent of the defendant and its books and funds in or about the month of February, 1901, the fact appeared that it was unsafe and inexpedient for the defendant to longer continue to transact business, and that the interests of the creditors or shareholders of said defendant required that the business, assets and property should be taken from the control and management of the defendant and preserved for the benefit of the persons entitled thereto; that the superintendent, finding said facts to be true, communicated the same to the attorney-general for the institution by the latter-named official of such action or proceeding as the nature of the case may require

and as will protect the interests of the creditors and share-holders of the defendant, and the attorney-general is of the opinion from such facts that the defendant should not longer be permitted to transact business, and that its corporate rights and franchises should be terminated.   It will be seen that this allegation is merely a statement of the opinion of the superin-tendent and the attorney-general that it was unsafe and inexpedient for the defendant to continue to transact business. No specific fact is alleged from which this conclusion can be deduced as matter of law.   The report of the superintendent to the attorney-general in regard to the defendant's trans-actions may have been quite sufficient to justify the attorney-general in bringing the action, but the report in and of itself was not a sufficient basis for a cause of action.   Neither the opinion of the superintendent nor of the attorney-general that it is unsafe or inexpedient to allow a bank or a corpora-tion, such as the defendant is, to transact business is a suffi-cient basis for a judgment dissolving a corporation and dis-tributing its assets through the medium of a receiver or otherwise.   The facts which show that the defendant is not, under the law, entitled to conduct business any longer must be distinctly alleged and, if traversed, must be proven at the trial.

It will be seen by an examination of sections seventeen and eighteen of the Banking Law that the powers and duties of the superintendent are distinctly specified and enumerated. If upon examination it is found that the capital stock of the corporation is impaired he may require the corporation to make it good, and if there is default in this respect for sixty days after the requirement, then the superintendent is required to report the fact to the attorney-general, who shall institute such action or proceedings against the corporation as is author-ized in the case of insolvent corporations ; and if the corpora-tion shall refuse to submit its books, papers and concerns to the inspection of the superintendent, or if it shall be found to have violated its charter or any law of the state binding upon it, the superintendent may report the fact to the attorney-general, who shall institute such action or proceeding against

the corporation as is authorized in the case of insolvent corporations. There is no allegation in the complaint that the defendant's capital is impaired, or that any officer of the defendant has been guilty of any specific misconduct, or that it has violated any law. In other words, there is no fact stated to show that the defendant is subject to dissolution under any of the provisions of sections seventeen or eighteen. If the capital is impaired, or if the defendant is insolvent, or if it has violated any law, the fact, whatever it may be, should be distinctly alleged in order to justify an action to annul the charter. A mere statement that the superintendent is of the opinion that it would be unsafe and inexpedient for the defendant to transact business any longer, and that the attorney-general concurs with him, does not constitute a cause of action. The opinion of the superintendent must be based upon facts which bring the case within the provisions of sections seventeen and eighteen, and these facts must be alleged in the complaint. A judgment dissolving a corporation and distributing its assets must be based upon tangible facts such as in law are sufficient to justify the court in granting a judgment of dissolution. The report of the superintendent, as already remarked, may be sufficient to put the attorney-general in motion, but before he can procure a judgment annulling a corporate charter, the facts which justify that remedy must be alleged and proven. If the opinion of the superintendent or of the attorney-general, derived from an examination of the affairs of the corporation, could be held sufficient to sustain the action, then there would be no necessity of referring the matter to the court at all. The necessity for an action and a judgment implies the existence of tangible facts upon which the judgment is to be based. The difficulty with the complaint in this case is that no such facts have been stated. The complaint does contain a statement in regard to the methods of business originally adopted by the defendant and the changes made therein. It states that the expenses of the defendant during the past year have exceeded its income. It refers to a certain contract made with third parties which is claimed to be improvident. It

states that if a certain claim referred to is a valid and subsisting obligation of the defendant, that then its liabilities would exceed its assets and it is insolvent, and concludes with the statement that the superintendent of the banking department has examined into its affairs and has certified to the attorney-general that it is unsafe and inexpedient for the defendant to continue business. The complaint is defective, in that it omits to state any tangible fact upon which an action may be based for the annulment of the charter. The corporate existence of a banking institution, or an institution such as the defendant is, namely, a savings, loan and building association, cannot be terminated by an action in the name of the People, unless for some reason distinctly stated it has forfeited the right to exist, conferred upon it by its incorporation. Such an action cannot be based upon such vague and indefinite statements as are set forth in the complaint in this action. It may be that there is good reason for an action to dissolve the defendant and to distribute its assets, but we think that these reasons' if they exist at all, have not been stated in the complaint.

The judgment of the courts below overruling the demurrer should be reversed, with costs in all courts, and the demurrer sustained, with leave to the plaintiff to amend the complaint on payment of costs.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.