## FEDERMAN v. STANDARD CHURN MFG. CO.

(Supreme Court, Appellate Division, First Department.   November 6, 1908.)

CORPORATIONS (§ 557*)—TEMPORARY RECEIVER—APPOINTMENT—EVIDENCE.

The appointment of a temporary receiver, in an action for sequestration of the property of a corporation, authorized by Code Civ. Proc. § 1788, may not be made on the complaint alone, unsupported by any affidavit or other evidence.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 557.*]

Appeal from Special Term.

Action by Charles E. Federman against the Standard Churn Manufacturing Company.   From an order appointing a temporary receiver, defendant appeals.   Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Wellesley W. Gage, for appellant.

PER CURIAM.   This action was brought for the sequestration of the property of the defendant, a domestic corporation.   A motion was made for an order appointing a temporary receiver upon the complaint alone, unsupported by any affidavit or other evidence.   From the order granting such motion, this appeal is taken.

This court said, in Kieley v. Barron & Cooke H. & P. Co., 87 App. Div. 317, 84 N. Y. Supp. 306:

"The court is authorized to appoint a temporary receiver in such an action (Code Civ. Proc. § 1788) ; but this does not justify the appointment of a receiver as a matter of right upon the bare allegations of the complaint alone. * * * This relief should not be awarded until final judgment, except in a case where it satisfactorily appears that it is essential to the protection of the plaintiff's rights.   There was no proof before the court of the necessity for the appointment of a receiver prior to final judgment. * * * Facts and circumstances with reference to the condition and management of the corporate affairs, showing the necessity of the receivership pending the action in order to render effectual a final judgment in favor of the plaintiff, should have been shown."

This case was cited with approval in People v. Oriental Bank, 124 App. Div., at page 747, 109 N. Y. Supp., at page 509.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew.