THE NATIONAL BANK OF AUBURN, Respondent, *v.* EDWIN R. DILLINGHAM, Appellant, Impleaded with Others.

*Liability of directors of corporations under section 24 of chapter 688 of 1892 — limitation thereof — parties to an action brought thereunder.*

The liability created by section 24 of chapter 688 of the Laws of 1892 is a contract and not a penal liability. Such liability is confined to the directors of corporations who created or consented to the creation of the debt therein prohibited.

The directors are personally liable for such debt, but their liability is limited to the particular debt and does not extend any further.

The language of the statute, stating that the liability is to the creditors of the corporation, cannot be so construed as to extend the liability of the directors to all the creditors of the corporation. Their responsibility is for the debt incurred by them and for nothing more, and the words " to the creditors of the corporation " can only be construed as descriptive of the persons to whom the particular debt is owing.

Where an action is brought under section 24 of chapter 688 of the Laws of 1892 (the Stock Corporation Law) to enforce the liability created by that section, it is not necessary that all the creditors of the corporation should be made parties thereto.

APPEAL by the defendant, Edwin R. Dillingham, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 5th day of October, 1894, upon the decision of the court rendered at the Cayuga Special Term, overruling the said defendant's demurrer to the plaintiff's amended complaint, with notice of an intention to bring up for review upon such appeal the decision upon which said judgment was entered.

*Nelson S. Spencer*, for the appellant.

*Charles I. Avery*, for the respondent.

Present — LEWIS and BRADLEY, JJ.

Interlocutory judgment affirmed on opinion of RUMSEY, J., at Special Term, with leave to the defendant to answer within twenty days on payment of the costs of the demurrer and of this appeal.

Certificate allowed for appeal to the Court of Appeals.

The opinion of the Special Term was as follows:

RUMSEY, J.:

This is an action brought under section 24 of the Stock Corporation Law (Chap. 688, Laws of 1892) to enforce against the defendants the liability created by that section. The complaint alleges, substantially, that the Auburn Woolen Company was a corporation organized under the laws of the State of New York, of which the defendants were some of the directors, and that the company was organized under the Manufacturing Corporations Act, passed the 17th of February, 1848. The complaint further alleges that at certain times, therein more particularly stated, the Auburn Woolen Company borrowed from the plaintiff, upon its promissory notes, the sum of $20,000, and that at the time of making the several loans stated in the complaint, the total indebtedness of the Auburn Woolen Company, not secured by mortgage, exceeded the amount of the paid-up capital stock of the company. It is further alleged in the complaint that each of the defendants consented to the creation of the said debt to the plaintiff, and judgment is demanded against the defendants for the sum of $20,000.

The defendant Dillingham demurs to the complaint upon the ground, among others, that there is a defect of parties plaintiff and defendant in that the creditors of the Auburn Woolen Company, other than the plaintiff, are not made either parties defendant or parties plaintiff.

Upon the argument some technical defects were suggested, by reason of which it was claimed that the demurrer should be overruled; but as the conclusion has been reached, upon the merits of the case, that the demurrer is not well taken, those technical defects will not be considered.

As stated, the action is brought under section 24 of the Stock Corporation Law. That part of the section relied on reads as follows: "No stock corporation * * * shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed

the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation." The law created by this statute is unquestionably a contract and not a penal liability. (*Patterson* v. *Robinson*, 36 Hun, 622; 37 id. 341.) The liability is created by this section, and the extent and nature of it must be found by considering the words of the section. It is confined, as is quite clear, to the directors who create or consent to the creation of the prohibited debt. Such directors are made personally liable "therefor." The word "therefor" refers necessarily to the previous words, "any such debt," and the liability is necessarily only for the particular debt and not for anything more. This seems to be perfectly clear from the reading of the statute. The statute says that the liability is to the creditors of the corporation, and it is claimed by the defendant that these words of the statute have the effect to add to the security of all the creditors of the corporation the amount of the particular debt for which the particular directors who consent to its creation are personally liable. I do not think that these words can be construed to extend the liability of the directors so far. Their responsibility is for the debt and for nothing more, and the words "to the creditors of the corporation" can only be construed as descriptive of the person to whom the particular debt is owing. In the case of *Patterson* v. *Robinson* (*supra*) the same question was presented under the law of 1848, and the court, in that case, held that the section should be construed as though it had read : "*To the creditors of the company to whom such excess is owing.*" While that section reads differently from the section under consideration, the nature of the liability is the same substantially, and that case should be deemed a controlling authority upon that point.

The defendant, in support of his demurrer, cites the case of *Anderson* v. *Speers* (21 Hun, 568). That case was under consideration in the case of *Patterson* v. *Robinson* (*supra*), and it was urged upon the General Term as a controlling authority upon the point here presented, but the General Term of the third department declined to follow it. Subsequently, in the case of *Lovelace* v. *Doran* and *Lovelace* v. *Doran & Wright Company*, the same questions presented here were presented to the court. Judge

CHURCHILL decided those cases at Special Term, and held that the case of *Anderson* v. *Speers* was practically overruled by the case of *Patterson* v. *Robinson*, and, following the latter case, decided that, in these actions, it was not necessary that all the creditors of the corporation should be made parties. Those two cases were subsequently affirmed by the General Term of the fourth department (39 N. Y. St. Repr. 679; 40 id. 53) upon the authority of *Patterson* v. *Robinson* (37 Hun, 341). By the concurrence of authority of the two General Terms, I feel that the court here is bound and that the demurrer must be overruled.

Judgment is accordingly ordered for the plaintiff, upon the demurrer, with leave to the defendant to withdraw his demurrer and answer on payment of costs.