(13 Misc. Rep. 758.)

MOTLEY et al. v. PRATT.   NEW YORK INSULATING PAINT CO. v.
SAME.   ABRAHAM v. SAME.

(Common Pleas of New York City and County, Special Term. August, 1895.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—PENAL STATUTES.

Laws 1890, c. 564, § 24, providing that where a director consents to the creation by the corporation of an indebtedness, not secured by mortgage, in excess of its capital stock, such director shall be personally liable therefor, creates a penalty.

2. ACTION—IMPROPER JOINDER OF CAUSES.

Causes of action against a director of a corporation to enforce his personal liability for consenting to the creation of an indebtedness by the corporation in excess of its capital stock, and for failure of the corporation to file an annual report (Laws 1890, c. 564, §§ 24, 30), being penal in their nature, and not arising out of the same transaction, cannot be joined in the same complaint.

Separate actions by Thornton N. Motley and others, by the New York Insulating Paint Company, and by Abraham Abraham, respectively, agaist Charles M. Pratt, to enforce the alleged statutory liability of defendant as a director of the United States & Brazil

Mail Steamship Company, for the debts of said company. Defendant demurs to the complaint for improper joinder of causes of action. Sustained.

D. M. Porter, for plaintiffs.
Lewis Cass Ledyard, for defendant.

BISCHOFF, J.    These actions are severally brought against the defendant, a director of the United States & Brazil Mail Steamship Company, to enforce his alleged dual liability under the provisions of sections 24 and 30 of the stock corporation law (chapter 564, Laws 1890) for a corporate debt owing to the plaintiffs, and the complaint is therefore appropriately divided into the statement of two distinct causes of action,—the first setting forth that the company failed to file its annual report for the year 1892, as required by section 30 of the act above alluded to, and for which default the directors are thereby made personally answerable for the debts of the corporation; and the second, that the defendant, while a director thereof, consented to the company's creation of an indebtedness not secured by mortgage, which was in excess of its paid-up capital stock, against the inhibition of section 24 of said act, for which consent the section likewise imposes upon the director a personal liability for such excessive indebtedness. Among others, the defendant has demurred to the complaint upon the ground that causes of action have been thereby improperly united. Code Civ. Proc. § 488, subd. 7.    With that view I concur.

With regard to the first cause of action, the liability has been repeatedly held to be penal (Wiles v. Suydam, 64 N. Y. 173; Manufacturing Co. v. Beecher, 97 N. Y. 651), and the only distinguishing feature between the several liabilities which are attempted to be enforced in this action is that the first is imposed for the omission of a statutory duty, while the second is imposed for the commission of an act prohibited by law.    In each instance, however, the liability imposed is plainly within the definition of, and has every element essential to, a penalty.    18 Am. & Eng. Enc. Law, p. 269. Indeed, the courts of Ohio have in two instances held a statute of that state, the provisions of which are substantially the same as those of section 24 of the act under review, to impose a penalty. Lawler v. Burt, 7 Ohio St. 340; Sturges v. Burton, 8 Ohio St. 215. I have not overlooked the decision at general term of the supreme court in the Fifth department (Bank v. Dillingham, 34 N. Y. Supp. 267), which was made with reference to the particular section under review (24), to the contrary of the view that the section imposes a penalty.    But the decision last referred to was made upon the authority of Patterson v. Robinson, 36 Hun, 622, 37 Hun, 341, and the last-mentioned case involved the construction of section 23, c. 40, Laws 1848, which, because such was not thereby prohibited, did not render the creation of an indebtedness in excess of the amount of the company's paid-up capital stock unlawful.    Judge Landon therefore distinguishes that case (36 Hun, 626) from the case of a penalty as follows:

"Unlike sections 12, 13, and 15 of the same act, section 23 commands nothing and forbids nothing, and therefore affixes no forfeiture as the penalty for the commission of what is forbidden or for the omission of what is commanded."

This reasoning certainly supports the view that the section now under consideration creates a penalty. Obviously, therefore, the ruling in Patterson v. Robinson is not controlling of the question in the present case.

Regarding, as I do, the present action in the instance of each cause of action as one to recover a penalty, I find no justification in the Code of Civil Procedure for uniting the several causes of action in the same complaint. Code Civ. Proc. § 484. Neither cause of action is upon contract, express or implied, within the meaning of the Code. McCoun v. Railroad Co., 50 N. Y. 176; Wiles v. Suydam, 64 N. Y. 173. They do not involve claims which arise out of the same transaction, or transactions connected with the same subject of action. The plaintiffs' demand against the company is in each instance but the measure of the defendant's liability. The subject of action with regard to each cause of action is the penalty. The transaction in the one instance is the omission to perform an act required by law,—the filing of the report; and in the other the commission of an act prohibited by law,—the creation of a corporate indebtedness, not secured by mortgage, in excess of the amount of the paid-up capital stock. The several penalties sought to be recovered grow out of the violation of distinct provisions of law. Hence, neither the transactions nor the subjects of action are the same, or connected with each other. A misjoinder of causes of action being apparent, judgment must be for the defendant upon the demurrer therefor, though one or the other of such causes of action may be deficient in substance. Higgins v. Crichton, 11 Daly, 114.

The demurrer is sustained upon the ground that there is an improper joinder of causes of action, with costs, and with leave to the plaintiff to sever the action upon payment of costs.