LOUIS BAUER, Respondent, *v.* HENRIETTA M. PARKER, as Executrix, etc., of JOHN L. MACAULAY, Deceased, and Others, Appellants, Impleaded with Others.

*Liability of a director created by the special charter of a loan and trust company — it is contractual — it is for the benefit of all creditors — an action for its enforcement lies in equity — who are proper parties thereto — effect of a failure to serve some of the directors with the summons — release of one of them — a defect of parties must be pleaded.*

The liability imposed by the following provision of an act incorporating a loan and trust company, "every director shall be personally liable for debts incurred by the corporation during his administration to an amount not exceeding five thousand dollars," is contractual in its nature and is for the benefit of all the creditors of the corporation and not for that of any particular creditor.

A creditor of the corporation may, therefore, maintain an action in equity to enforce, on behalf of himself and all other creditors of the corporation, the statutory liability imposed upon the directors.

In such an action it appeared that the plaintiff's debt accrued in 1890, and that the corporation was dissolved in 1891 and a permanent receiver of its property was appointed. The only defendants in the action were the directors of the corporation for the year 1890.

Upon the trial it appeared that three of the defendants were not served with the summons and complaint, and, upon the plaintiff contending that these three defendants were non-residents, and that it had been impossible to effect service upon them, the action was severed as to those defendants. No effort was made to serve such defendants by publication.

It further appeared that after the commencement of the action, the plaintiff had, upon the receipt of $1,500 from one of the defendants, released such defendant from all liability and discontinued the action as against him.

*Held*, that the receiver of the corporation was a necessary party to the action;

That, as the extent of the corporation's indebtedness did not appear, each defendant was entitled to have all the directors that were liable made parties to the action;

That the evidence was not sufficient to show that the three defendants not served could not have been served in the State of New York;

That, in any event, it was the duty of the plaintiff to serve such defendants by publication;

That the plaintiff, in releasing one of the defendants and in discontinuing the action as to him, violated the rights of the other defendants;

That, consequently, the parties necessary to a complete determination of the action were not before the court, and, as this objection had been pleaded by the

defendants who were before the court, a judgment against them could not be sustained;

That the objection that persons who had been directors of the corporation for the years 1888 and 1889 were necessary parties to the action, was not available to the defendants because it had not been pleaded.

O'BRIEN, J., dissented.

APPEAL by the defendant, Henrietta M. Parker, as executrix, etc., of John L. Macaulay, deceased, from the whole, and by other defendants from various portions, of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of January, 1899, upon the decision of the court rendered after a trial at the New York Special Term.

*L. Laflin Kellogg,* for the appellant Henrietta M. Parker.

*Payson Merrill,* for the appellants Hart and others.

*James W. Hawes,* for the appellant St. John.

*James C. Foley,* for the appellant Baldwin.

*James Dunne,* for the respondent.

INGRAHAM, J.:

The American Loan and Trust Company was incorporated by chapter 868 of the Laws of 1872, which act was subsequently amended by chapter 486 of the Laws of 1874, chapter 189 of the Laws of 1880, chapter 391 of the Laws of 1882, and chapter 260 of the Laws of 1884. The corporate powers of the company were vested in a board of directors consisting of not less than nine nor more than thirty-one members. The first board of directors was named in the act, and their successors were to be annually elected by the stockholders. Section 11 of the act provided that "no person shall be a director of this corporation unless he shall hold in his own right fifty shares of its stock, and every director shall be personally liable for debts incurred by the corporation during his administration to an amount not exceeding five thousand dollars." Under this charter the corporation was organized and for several years transacted business in the city of New York.

In March, June and July, 1890, the plaintiff deposited various

sums of money with the trust company, and received therefor certificates of deposit aggregating $10,000. It also appeared that about February 18, 1891, the corporation ceased doing business, and subsequently an action was commenced in the Supreme Court by the People of the State against the said trust company, in which judgment was asked dissolving the corporation on the ground of its insolvency; that on March 7, 1891, an order was made appointing J. Edward Simmons, of the city of New York, temporary receiver of the said corporation, and he thereupon duly qualified as such receiver and entered into the discharge of his duties, and on the 8th day of May, 1891, final judgment in that action was entered dissolving the corporation and forfeiting its corporate rights, privileges and franchises, and continuing the appointment of Mr. Simmons as receiver; that on March 17, 1892, this action was commenced, the plaintiff suing in his own behalf and in behalf of all other creditors similarly situated who should come in and contribute to the expenses of the action against the defendants, who were the directors of the corporation for the year 1890. The complaint alleged the incorporation of the American Loan and Trust Company, the deposit by the plaintiff of various sums of money before mentioned, and the receipt by him of certificates of deposit of the said trust company, and asked on behalf of the plaintiff and of all other creditors similarly situated that an account be had of the creditors of the trust company who may have a cause of action against the defendants under section 11 of the charter, to which attention has been called, and of the amounts due them respectively, and of the amount due by the directors of the said company pursuant to section 11 of its said charter; that the liability of the directors to the creditors of the company be ascertained and determined and enforced, and that they be adjudged to pay such amounts respectively to the plaintiff and to the other creditors, and that the defendants be enjoined and restrained from paying to any creditor of the American Loan and Trust Company any sum of money whatever as a liability under section 11 of the charter of the company. The defendants answered separately, all of the answers alleging that there was a defect of parties defendant, in that the said J. Edward Simmons, as receiver of the said American Loan and Trust Company, was not made a party defendant.

The case coming on for trial at Special Term, counsel for the defendants objected to proceeding to trial on the ground that three of the defendants had not been brought before the court by service of process upon them, whereupon the plaintiff moved upon affidavit to sever the action and for a separate trial as to the defendants who had been served, and this motion was granted, to which all the defendants excepted. No formal order was entered upon this motion, as the court ruled, with the counsel of all the parties, that the motion and decision were to be regarded as a part of the trial; whereupon the defendants moved to amend their respective answers so as to allege a defect of parties in that the three defendants who had not been served were not joined as defendants and were not before the court. The defendants then moved to dismiss the complaint upon various grounds, which motion was denied, and the defendants excepted.

It was then proved that the defendants originally named in the action were duly elected directors in the year 1890; that the defendants Tracy and Clark did not accept the office of director to which they were elected at the annual meeting of stockholders on the 14th day of May, 1889, and the 13th day of May, 1890, but the other defendants had qualified as directors and acted as such from the 13th day of May, 1890, until the dissolution of the said corporation; that at the time of the failure of the corporation there was due to preferred creditors for principal an amount exceeding $458,000, and to depositors and other unpreferred creditors for principal without interest an amount exceeding $500,000; that at the time of the trial all of the assets that had come into the hands of the receiver had been realized, with the exception of a claim against the Chesapeake and Decatur Railroad Company in which had been invested about $500,000 by the trust company; that this asset was of doubtful value, and it was impossible to determine what amount, if anything, would be realized from it; that the other assets that had been realized were sufficient to pay the principal of the preferred debts in full, leaving a balance in the hands of the receiver of about $74,000, from which would have to be deducted the expenses of the receivership; and that there was also due to the preferred creditors for interest about $75,000, leaving nothing for the general creditors, except such amount as should be realized

from the claim against the Decatur, Chesapeake and New Orleans Railway Company. There was no evidence as to when the indebtedness that was represented by the unpreferred claims, other than that of the plaintiff, had been incurred by the corporation; and it appeared that in the years 1886, 1887, 1888 and 1889 there had been directors of the corporation who were not directors in the year 1890, and who were not parties to the action. Several of the defendants introduced evidence tending to show that they had made various payments to creditors of the corporation who sought to enforce this liability contained in section 11 of the charter of the corporation. It also appeared that after the commencement of the action Mr. Payson Merrill, one of the defendants, had made a payment of $1,500 to the plaintiff, and had received from the plaintiff a general release, releasing him from all liability, whereupon an order was entered with the consent of the plaintiff discontinuing the action against Mr. Merrill; and the defendants then moved the court to be allowed to amend their answers by setting up the release of Mr. Merrill and the discontinuance of the action against him as a defense, and also that there was a defect of parties defendant, in that Mr. Merrill was not a party defendant. This motion was granted, and the answers were amended accordingly; whereupon, at the end of the whole case, the defendants all moved for judgment upon various grounds, one of which was that there was a fatal defect in that the three directors who had not been served with process were not defendants and before the court; that Mr. Merrill was a necessary party defendant and was not before the court; and that there was a defect of parties in that the receiver of the corporation was not a party defendant.

Subsequently, the court rendered judgment against all of the defendants, except Tracy, Clark and Platt, directing the defendants against whom judgment was rendered to pay into court to the chamberlain of the city of New York the sum of $5,000 each, with interest from the 16th day of March, 1892, the date of the commencement of the action (except that the defendant Andrews was credited with an amount which he had paid to a creditor of the corporation prior to the commencement of the action), or so much thereof as may be necessary to pay the sum due to the plaintiff, the costs of this action to be taxed, and the sums which hereafter may

be adjudged to be due upon the claims of other creditors of the American Loan and Trust Company who should come in and make themselves parties to this action, as subsequently provided, and prove and establish such claims under the judgment to be entered as debts which the said defendants were liable to pay, and dismissing the complaint against the defendant Platt, he having paid to creditors of the corporation the amount for which he was liable under the provisions of the charter before the commencement of the action, and against the defendants Tracy and Clark, who had never accepted their election as directors of the corporation; and from this judgment the defendants who are held liable appeal.

Several interesting questions are presented. The first to be discussed is that insisted upon by all the defendants, that no action in equity on behalf of all the creditors could be maintained to enforce the liability imposed upon the directors of this corporation by section 11 of the charter to which attention has been called. The question as to the enforcement of a liability imposed upon stockholders or directors of a corporation to respond to the claims of creditors has been much discussed, and there has been a considerable diversity of opinion as to whether such liability is primary or secondary, and in what particular cases a liability can be enforced in equity by a creditor suing on behalf of himself and those similarly situated. It would seem that the liability for the debts of a corporation imposed upon stockholders and directors may be divided into three classes: *First*, cases in which a penalty is imposed for a failure of a director or stockholder to perform a duty imposed upon him by the law of the sovereignty which has given corporate existence to the corporation of which he is an officer or stockholder; as, for instance, liability for failure to file an annual report; *second*, cases where an unlimited liability for debts of the corporation is imposed upon a director or stockholder, and, *third*, cases where a limited liability is imposed, viz., where the amount for which the director or stockholder may be liable is limited either by a sum fixed — an amount equal to the par value of the capital stock owned by the stockholder — or by the amount of the debts in excess of the capital stock of the corporation. Upon principle it would seem that in the first of these cases no resort to a court of equity is necessary or proper, as each creditor has a complete remedy at law against the

director or officer upon whom the penalty is imposed for a failure to perform the duties devolved upon him by law. In the second class of cases, it would also seem that no resort to a court of equity is necessary or proper, as each creditor has his cause of action against each director or stockholder to recover the full amount of his debt. It is in the third class of cases, of which the present is an example, that a doubt seems to have arisen.

In this case there is imposed upon the directors a liability for all debts incurred by the corporation during their administration, upon each a liability to an amount not exceeding $5,000. They are not made liable for any particular debt incurred by the corporation; but the purport of the statute seems to be that each director should pay the sum of $5,000 towards the debts of the corporation incurred during the period that he occupied the office of director. There is no distinction between the different kinds of indebtedness for which the director is responsible, but every director is personally responsible for every debt incurred by the corporation during his administration; the total liability of the director, however, is not to exceed the sum of $5,000. If this liability is to be enforced only in favor of the creditor who first commences his action against the director, that particular creditor exhausts the liability of the director and the other creditors have no recourse against him; and yet the statute says that the liability is to be in favor of all the creditors. In other words, it seems to have been the intention in imposing this liability that the creditors as a whole should have the responsibility of the directors to them upon which to rely for the payment of the indebtedness of the corporation, and which could not be enforced if one creditor were allowed to sue and recover the whole amount of his debt from a director, as such a recovery would be a bar to any other creditors obtaining from such director any sum in satisfaction of his indebtedness.

After the commencement of this action several of the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that question was disposed of by the General Term of the Supreme Court (*Bauer* v. *Platt*, 72 Hun, 327). Mr. Justice PARKER, now chief judge of the Court of Appeals, delivering the opinion of the court, held that this action was properly brought. After discussing this section of the

charter, he says : " The purpose of the provision was not only to insure vigilance on the part of the directors, but to further assure to the creditors of the company payment of their claims. It has for its object the protection of all creditors, not a portion of them. That result might not be effectuated if each creditor should be compelled to resort to an action at law. The liability of each director does not exceed $5,000. If, then, each director should suffer judgment to go against him by default, the creditors first suing might recover their entire claims, while others less prompt would not receive anything. * * * As the statute was intended for the benefit of all creditors, and all of them, as well as some of them, must be presumed to have trusted in part to the protection assured them by its provisions, it is no more than just that each creditor should share ratably in the fund which an enforcement of the liability of the directors will produce." This opinion of Mr. Justice PARKER has recently received the approval of the Court of Appeals in a case to which attention will be called. It would seem to follow that no action could be maintained by an individual creditor of the corporation to recover from a director the full amount of his indebtedness, for such a recovery would defeat the object of the statute, that the liability of the directors should inure to all the creditors, and not to any particular one; and this proposition seems to be sustained by the authorities.

In *Brinckerhoff* v. *Bostwick* (99 N. Y. 185) the action was commenced by a stockholder on behalf of himself and the other stockholders, alleging that during all the times mentioned the defendants had been directors of the bank, and that by their misconduct, carelessness and negligence, and their inattention to its affairs, the property and effects of the bank had been stolen, wasted and squandered, so that the bank was rendered utterly insolvent, and its stockholders were thus greatly damaged, and relief was demanded that the damages which the stockholders had sustained by reason of the matters stated be ascertained and determined, and that the defendants, who were directors of the bank, be adjudged to pay such damages, and that the defendant Bostwick, as receiver of such bank, recover, collect and receive such damages for the benefit of the creditors and stockholders of the bank. In discussing this liability, Judge EARL says : " The action was commenced by Theodore Brinckerhoff, suing

on his own behalf and for the benefit of the other stockholders of the bank ; and, therefore, for the purpose of the statute of limitations, the action must be treated as if all the stockholders were plaintiffs. The action is really the action of all the stockholders, as it was necessarily commenced in their behalf and for their benefit. It could not have been commenced by one stockholder for himself alone."

In *Cochran* v. *Wiechers* (119 N. Y. 399) the plaintiffs were judgment creditors of the American Opera Company, Limited, a domestic corporation formed under chapter 611 of the Laws of 1875. The capital stock of the company had not all been paid in, and no certificate to that effect had been filed. The action was in the nature of a creditor's suit to settle the affairs of the corporation and distribute its assets as well as the proceeds of the stockholders' individual liability among the company's creditors. The provision in the act of 1875 (§ 37), under which that corporation was incorporated, was that "all the stockholders shall be severally individually liable to the creditors of the company in which they are stockholders to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in and a certificate thereof has been made and recorded as hereinafter prescribed." The court distinguished this liability from that of a trustee in neglecting to make a report, or for declaring dividends out of capital stock, or acts of a kindred character, saying : "These are breaches of duty on the part of the managing agents of the corporation for which the statute has made them liable, and this liability cannot be said to rest upon or grow out of a contract. The liability of a stockholder in the present case is different. Upon becoming the owner of the stock, he voluntarily assumes the obligations imposed by the statute, and the creditors of the corporation who trust it may be said to do so upon the faith of the statute which is part of the contract. The statutory obligation is inherent in and forms a part of every contract that the corporation makes with creditors prior to the time that the certificate required by the statute is filed." We have here the distinct statement of the ground of the liability, that it is contractual in its nature and necessarily inures to the benefit of every creditor who makes a contract

with the corporation when the statutory liability applies, and a liability which thus enters into every contract made with the corporation is necessarily for the benefit of each of the creditors, and not for the creditor who first commences his action against the director.

In *National Bank* v. *Dillingham* (147 N. Y. 603) the action was brought by the plaintiff on its own behalf to obtain a judgment against the directors of a corporation upon the ground that when the indebtedness to the plaintiff was incurred other debts had been created by the corporation which equalled and exceeded the amount of its paid up capital stock, and that the trustees, by assenting to the making of the notes sought to be enforced in that action, became liable under the statute to the plaintiff for the amount and interest. The corporation was not made a party. One of the defendants demurred to the complaint, one of the grounds of demurrer being that there was a defect of parties, in that the other creditors of the company, and the company itself, were not parties to the action; and on the further ground that the complaint did not state facts sufficient to constitute a cause of action. The Supreme Court overruled the demurrer, which was affirmed by the General Term, but which was reversed by the Court of Appeals. The statutory liability enforced in that case was: "No stock corporation, except a monied corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation. If bonds or other obligations of the corporation, secured by mortgage, are issued in excess of the amount authorized by law, or in violation of law, the directors voting for such over-issue, or unlawful issue, shall be personally liable to the holders of the bonds or other obligations illegally issued for the amount held by them, and to all persons sustaining damage by such illegal issues for any damage caused thereby." (Laws of 1890, chap. 564, § 24, as amd. by Laws of 1892, chap. 688.) Judge O'BRIEN, in delivering the opinion of the court, says: "The most important question, however, is with respect to the parties who are entitled, in a proper case, to enforce this liability. The learned counsel for the plaintiff contends that the right of action is given

by the statute to creditors holding debts created in violation of its provisions and to those alone. We think that this is not the correct construction of the statute. The benefit of its provisions is given in terms to the 'creditors of the corporation,' and not to a part of them. The language includes all the creditors. * * * When the statute requires the trustees creating or assenting to debts in excess of capital, virtually to put back into the corporate treasury a sum equal to such excess in certain contingencies, all the creditors have in equity and justice an equal claim upon the fund. The rule that in such cases equality is equity would be violated by allowing the later creditors to absorb this fund to the prejudice of the earlier ones. We think that the fair construction of the statute is that it imposes a liability upon the trustees creating or assenting to debts in excess of the capital, to the extent of such excess, not for the benefit of any particular creditor, but for the benefit of all, and their liability is in equity a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debt remaining unpaid. It follows that it must be enforced in equity in a suit where all the creditors and the corporation itself are parties or represented, where an accounting can be had, all the facts ascertained and the equities adjusted."

It seems to me that this reasoning is applicable to and controlling of this case. The liability imposed by the statute in the *Dillingham* case was that the directors should be personally and individually liable for such excess to the creditors of the company. In this case every director is personally liable for the debts incurred by the corporation during his administration to an amount not exceeding $5,000. In both cases the liability is to all the creditors, not to any particular creditor, and it is that liability that the court said "must be enforced in equity in a suit where all the creditors and the corporation itself are parties."

In *Marsh* v. *Kaye* (168 N. Y. 196) this principle is discussed, and both the prevailing and the dissenting opinions quote the opinion of Mr. Justice PARKER in this case at General Term and expressly approve it. That action was brought to enforce the liability for corporate debts payable within a year imposed upon the directors of charitable corporations organized under chapter 319 of the Laws of

1848 and continued under the General Membership Corporations Law (Laws of 1895, chap. 559). That was an unlimited liability whereby the directors of the corporation were expressly made liable for all debts of the corporation that were contracted while they were directors and were payable within one year. Judge CULLEN, in delivering the opinion of the court, says: "There is no fund to be distributed among the creditors except such as may proceed from the conversion of the assets of the corporation. No protection for those assets is required. The court has already in an appropriate action appointed a receiver and the fund will be distributed in that action, not in this. The only thing to be reached in this action is the personal liability of the directors, which is absolute and unlimited. This in no sense constitutes a fund to be protected or preserved for the creditors or to be distributed among them. The status of these creditors of the corporation, and, therefore, creditors of the directors, does not differ from that of other creditors of the directors personally. * * * Nor is the action necessary to protect the directors. There can be no apportionment of liability between the directors, for each is liable for all debts, not for his share of them." And this case, it seems to me, well illustrates the principle indicated by the Court of Appeals by which the cases in which an action in equity can be brought is distinguished from those in which each creditor must resort to his action at law to enforce the liability.

Where the statute imposes upon a stockholder or director a liability for all the debts of the company, making the director's liability as broad as the liability of the corporation, then each creditor has his remedy against the corporation and the director, and there is no more reason for allowing him to come into equity to enforce it against the director than for allowing him to enforce it in equity against the corporation. Both the director and the corporation are liable for all the debts, and that liability is a common-law liability to be enforced in an action at law. Where, however, the statute imposes upon directors and stockholders a liability which is not measured by the debts of the corporation, but is measured either by an arbitrary amount fixed by the statute, by an amount to be ascertained by the par value of the stockholders' stock or by the amount of debts in excess of the capital of the corporation, or by any other method not fixed by the amount of indebtedness of the corporation,

but limited to an amount less than such indebtedness, then the liability must be enforced in an action in equity, and enforced for the benefit of all the creditors, and necessarily enforced as against all the directors that are liable, in one action in which the corporation if in existence, or after it is dissolved, its representative, the receiver, is a party. Once establish that the only method of enforcing this liability is by an action in equity in which the liabilities of all the directors and stockholders are marshaled, so that each director liable is required to pay the amount due by him towards discharging the indebtedness of the corporation, then the nature of the action is clear, and it must follow that in that single action all of the directors who are liable must be parties, and the corporation or its representative, the receiver, in case it is dissolved, must also be parties.

This presents the next question in this case, which arises from the failure of the plaintiff to make the receiver a party, his failure to serve three of the defendants who were parties, and his release of Mr. Merrill, who was also a party, and the discontinuance of the action against him. The plaintiff made all the directors for the year 1890 parties to the action, and the action was brought on behalf of all the creditors of the corporation. It appeared from the evidence that there were directors of the corporation for the years 1888 and 1889 who were not parties to the action. This defect of parties is not alleged in any of the answers and is not available. Three of the directors for the year 1890 were made parties defendant, but were not served with process. Upon that fact being called to the attention of the court, a motion was made upon affidavit for a severance of the action as to these three defendants who had been served and were before the court. There were presented to the court facts tending to show that when the action was commenced these three defendants were non-residents, and although one of them had an office in the city of New York, it had been impossible for some days to find him in that office. There was no sufficient evidence that when the action came on for trial, or at any time subsequent to the time when the effort to serve the defendants was made, the service could not have been effectuated. This motion, however, was granted, and the action was severed, and then the defendants were allowed to amend their answers by setting up the defect of parties

defendant, in that these three defendants were not parties to the action then on trial. It may be that, upon proper proof that these three defendants were non-residents and without the jurisdiction of the court, and that it had been impossible to serve them from the time the action was commenced up to the trial, this objection would not have been available for the defendants. No sufficient evidence upon this point was given, and there is reason to suppose that at least one of the defendants could have been served if the efforts had been continued. It is clear from these affidavits that no real efforts were made to serve these defendants. If it was impossible to serve them within the State, the plaintiff was bound to exhaust all means to acquire jurisdiction over them. At least, it was his duty to serve them by publication and acquire such jurisdiction over them as was possible.

But the affirmative act of the plaintiff in releasing Mr. Merrill, who was a party to the action and was served, and in discontinuing the action against him, released from the action a necessary party for the complete determination of the question involved; and that fact was, by leave of the court and without objection, set up by an amendment to the answers allowed upon the trial, and is, I think, fatal to this judgment. After the action had been discontinued as against Mr. Merrill it must be treated as if he had never been made a party defendant. Each defendant had the right to have all of the directors who were liable parties to this action. He was bound to contribute only the $5,000, the amount fixed by the statute, as his liability in case the total amount of liability of all the directors was insufficient to pay all of the indebtedness incurred during the period that he was a director. There is nothing to show that the indebtedness of the company which had not been paid by the receiver was contracted during the period that these defendants were directors; so that, so far as appears, the only amount that these defendants were liable for was the $10,000 and interest which was owing to the plaintiff. In that case, each director would be bound to contribute his proportion of that indebtedness, and the plaintiff could do no act which would discharge one director and hold the others. It is quite true that until some other creditor should come in and be made a party to the action, or until the entry of judgment, the plaintiff had control of the suit and could discontinue it at his pleas-

ure, but he could not discontinue it against one of these obligors and hold the others for the full amount of their liability. To do that would be to allow him to impose a liability upon some of the directors, and not upon others, when the only liability that was imposed upon the directors was the indebtedness that had been incurred during the period that they were in office. This is the settled rule in equity actions. In *Mahr* v. *N. U. F. Ins. Society* (127 N. Y. 452) Judge VANN says : " The general rule in equity requires that all persons interested in the subject of the action should be made parties in order to prevent a multiplicity of suits and secure a final determination of their rights. * * * The burden is on the plaintiff to secure the presence of all such persons, and it is his misfortune if he is unable to do so." In *Osterhoudt* v. *Board of Supervisors* (98 N. Y. 239) the court said : " When persons who are necessary parties are not joined, the court will not proceed until they are brought in." And it was held that a failure to bring in parties necessary to a complete determination of the controversy is fatal to any judgment granted in such an action. It would seem to follow, therefore, that the act of the plaintiff in discontinuing the action against one director created a defect of parties defendant, which, objection being properly taken, is fatal to the judgment.

We also think that the objection that there was a defect of parties defendant in that the receiver was a necessary party should have been sustained. It is true that in the case of *Bauer* v. *Platt* (*supra*) Mr. Justice PARKER reached the conclusion that the demurrer that there was a defect of parties defendant, in that the American Loan and Trust Company was not made a defendant, was not well taken ; but all that he there held was that it did not appear upon the face of the complaint that the corporation was a necessary party. He said : " It may well be that after the pleadings are all in, it will appear to be a necessity to make the corporation a party, then the court, in the exercise of its equitable jurisdiction and in pursuance of the authority conferred by the Code of Civil Procedure, will bring in the corporation, and such other parties, if any there be, which it may deem needful in order to secure a final and equitable adjustment of the matters in controversy." And undoubtedly that was quite true in the situation that was then presented. Subsequent to the decision of that case, in *National Bank* v. *Dillingham* (*supra*),

Judge O'Brien, in speaking of a cause of action to enforce this liability, said : " It follows that it must be enforced in equity in a suit where all the creditors and the corporation itself are parties, or represented, where an accounting can be had, all the facts ascertained and the equities adjusted." So that when the objection was properly taken and it appeared that, although the corporation had been dissolved prior to the commencement of the action, a receiver had been appointed who had liquidated certain debts of the corporation and was in possession of its assets, it is clear that under this ruling the receiver was a necessary party.

It follows that, although the action was properly brought, the necessary parties were not before the court for a complete determination of all the questions involved, and for that reason the judgment was erroneous. The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

Van Brunt, P. J., Patterson and Hatch, JJ., concurred; O'Brien, J., dissented.

O'Brien, J. (dissenting) :

I agree in the view that this action is maintainable in equity, but do not assent to the grounds upon which it is proposed to reverse the judgment.

The first of these is that the receiver should have been made a party. In *Bauer* v. *Platt* (72 Hun, 332), wherein a demurrer to a complaint was interposed by a director, it was said : " Now, applying these rules, we find first, that the corporation has no rights to be ascertained and settled before the rights of the parties to the suit can be determined. The liability of the directors is not created for the benefit of the corporation, but rather for that of its creditors. It is not an asset of the corporation and cannot be enforced by it, nor by a receiver of its assets, appointed in an action for a dissolution of the corporation. The liability is to the creditors and they alone can compel its payment."

The demurrer in that case also brought up the question as to whether a director had an interest in having the corporation made a party for the purpose of showing how much its assets could pay on the claim of the plaintiff and others similarly situated, and it was

therein held that the point was not well taken because it did not appear upon the face of the complaint that the corporation had assets which could be applied in payment of its creditors. Here the proof is that on the 17th day of January, 1896, after five years of administration of the assets by the receiver, there was due general depositors and in payment of other claims $500,000, to meet which there was then in the hands of the said receiver the sum of $74,217.27. Whether, therefore, it rested with the plaintiff or with the defendants to prove that there was a sufficiency or an insufficiency of assets, I think the facts justified the inference that they were insufficient and hence that this ground for reversing the judgment is untenable.

It is further suggested that the record does not show that the three directors who were omitted as parties defendant could not be served. As I read it, however, it does appear that they were non-residents, and that although some of them had an office in this State for the transaction of business, the effort to serve them with process therein was unsuccessful. I do not understand that, having made an honest effort to serve these directors, the plaintiff was prevented from ever bringing his action if he could never serve them. There being proof, therefore, that an earnest effort was made to serve them, which was ineffectual, the plaintiff, I think, had the right to proceed with the action without those directors as parties defendant.

The most serious ground, in my opinion, relied upon for reversing the judgment, is the release of one of the directors, Mr. Merrill, who was originally joined and who, upon the payment of $1,500, obtained a release and was subsequently, on motion, stricken out of the action as a party defendant. I think, however, that to the suggestion that this release freed all the other defendants, there is an answer. If we regard the liability as several, then clearly the release of one of the defendants would not discharge the others. If, on the other hand, we regard it as joint, then section 1942 of the Code of Civil Procedure applies, which provides that "a joint debtor may make a separate composition with his creditor * * *. Such a composition discharges the debtor making it, and him only." And that section, with respect to the construction to be placed upon a

release or composition, further provides : "An instrument specified in this section does not impair the creditor's right of action against any other joint debtor, or his right to take any proceeding against the latter, unless an intent to release or exonerate him appears affirmatively upon the face thereof."

These are the grounds, as I read the opinion of Mr. Justice INGRAHAM, upon which it is proposed to reverse the judgment, and as I cannot concur in his reasoning, I dissent from such reversal. It is proper, however, to say that I have examined the other points presented by the appellant, but it appears to me that the strongest grounds are those which are discussed by Mr. Justice INGRAHAM in his opinion, and that I regard neither them nor the others as tenable, and think that the judgment should be affirmed, with costs.

Judgment reversed, new trial ordered, costs to appellants to abide event.