This action in effect is to specifically enforce a contract by a mandatory injunction. In such a case a temporary injunction should not be granted unless it appears that doing the act during the pendency of the action will "produce injury to the plaintiff." The effect of this injunction is to compel the defendant to purchase the beer that he·requires from the plaintiff. The only injury that his not purchasing the beer of the plaintiff will produce will be loss of profits, and if the plaintiff succeeds he can obtain a judgment for such profits. The amount can be ascertained from the amount of beer that defendant used in the meantime. If the injunction in its present form is allowed to stand, if the plaintiff refuses to sell the defendant beer, the defendant will have to go out of business. The defendant can purchase no beer except that of the plaintiff, and there is no obligation on the part of the plaintiff to sell the defendant any beer at all.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.

---

### BAUER v. PARKER et al.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. JUDGMENT—PARTIES—JUDGMENT AGAINST A CO-PARTY.

   In an action to enforce liability of the directors of a corporation, an interlocutory judgment appointing a referee to report the proof of the claims against the corporation was, on appeal of some of the directors, reversed for defect of parties defendant arising from the fact that plaintiff had released for a money consideration one of the directors. *Held,* that a final judgment, as against a director not appealing from the interlocutory judgment, could not be rendered, either under Code Civ. Proc. § 1205, providing that, where an action is against two or more defendants and a several judgment is proper, the court may render judgment against one defendant, since at the time of the entry of the interlocutory judgment a several judgment was not proper, or under section 1220, authorizing the court to divide an action into two or even more actions, where an issue of law and an issue of fact arise with respect to different causes of action, set forth in the complaint; it not applying, since separate issues of law and fact were not presented.

2. APPEAL—DISPOSITION OF CASE—RELIEF TO PARTY NOT APPEALING.

   In an action to enforce liability of the directors of a corporation, an interlocutory judgment appointing a referee to take and report the proof of claims against the corporation was, on appeal of some of the directors, reversed. *Held* that, as the purpose of the suit was to determine the claims of all the creditors as against the liability of all the directors, the reversal inured to the benefit of a director who did not appeal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4568.]

3. JUDGMENT—PARTIES—JUDGMENT AGAINST CO-PARTY.

   In an action to enforce liability of the directors of a corporation, an interlocutory judgment appointing a referee to report on claims against the corporation was, on appeal of some of the directors, reversed. Prior to the reversal, the referee made his report, and showed that the claims of creditors exceeded the liabilities of all the directors. *Held,* that a final judgment could not be rendered against a director not appealing, for whether or not such judgment could be rendered must depend on the facts as they existed at the time of the entry of the interlocutory judgment.

**4. APPEAL—APPEAL FROM FINAL JUDGMENT—REVIEW OF INTERLOCUTORY JUDGMENT.**

Under Code Civ. Proc. § 1316, providing that the right to review an interlocutory judgment is not affected by the expiration of the time within which a separate appeal therefrom might have been taken, a director appealing from a final judgment rendered against him alone in an action to enforce the liability of the directors of a corporation is entitled to a review of the interlocutory judgment appointing a referee to report as to claims against the corporation.

Appeal from Special Term.

Action by Louis Bauer against Henrietta M. Parker, as executrix, and others. From an order denying a motion for the settlement of a final judgment, as against defendant Euphemia A. Hawes, executrix of Granville P. Hawes, deceased, plaintiff appeals. Affirmed.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, CLARKE, and SCOTT, JJ.

James Dunne (H. V. Rutherford, of counsel), for appellant.
Barclay E. V. McCarty, for respondents.

CLARKE, J. This action was commenced on March 17, 1892, to enforce the statutory liability of Granville P. Hawes and other defendants as directors of the American Loan & Trust Company under the charter of that company. Section 11 of that charter (chapter 868, p. 2117, of the Laws 1872, as amended by chapter 486, p. 628, Laws 1874, chapter 189, p. 305, Laws 1880, chapter 391, p. 551, Laws 1882, and chapter 260, p. 325, Laws 1884) provided, among other things:

"Every director shall be personally liable for the debts incurred by the corporation during his administration to an amount not exceeding $5,000."

The action was brought by plaintiff as a creditor of the company, as well in his own behalf as in behalf of all other creditors of said company, similarly situated, who should come in and contribute to the expenses of the action. After being duly served with summons and complaint, Granville P. Hawes died on December 29, 1893, and the action was duly continued against Euphemia A. Hawes, as his executrix. She duly answered. The action was tried in February, 1896, and the interlocutory judgment was entered on January 13, 1899. This judgment provided that the defendants therein specified, including Euphemia A. Hawes, as executrix, should each pay to the chamberlain of the city of New York $5,000, or so much thereof as might be necessary to pay the sum adjudged to be due to the plaintiff and the sums which might thereafter be adjudged to be due upon the claims of the other creditors of the American Loan & Trust Company who should come in and make themselves parties to the action and prove and establish such claims under the judgment as debts. The judgment appointed a referee to take and report the proof of all such claims as might be proved against said company and to carry out the provisions of said interlocutory judgment, and provided that the final judgment to be entered in said action be docketed as a several money judgment in favor of the chamberlain of the city of New York in his name of office against said defendants, and that—

"Upon the coming in of the referee's report, after hearing the creditors as above provided, plaintiff's attorney prepare a final judgment herein in accordance with the directions herein contained and with said report, and that said final judgment be settled by the court on notice to the attorneys for the defendants."

From said interlocutory judgment certain of the defendants appealed to this court, where the judgment was reversed (82 App. Div. 289, 81 N. Y. Supp. 995), and a new trial ordered; the conclusion of this court being stated as follows:

"Although the action was properly brought, the necessary parties were not before the court for a complete determination of all the questions involved, and for that reason the judgment was erroneous."

The respondent, although she duly filed her exceptions to the interlocutory judgment, did not appeal therefrom. No new trial, as directed by this court, has been had. After the entry of the interlocutory judgment, the referee therein appointed proceeded to take the proofs of such creditors as filed their claims before him, and filed his report on April 3, 1900. Said report, inter alia, provided as follows:

"And I do further report that it is necessary, under the provisions of said interlocutory judgment, to assess against the several defendants thereby ordered and adjudged to make payments into court, in order to pay the costs and claims of the plaintiff hereby adjudged to be paid, and to pay the claims of other creditors who have proved and established their claims before me as such referee, the following sums of money, inclusive of interest from the 16th day of March, 1892, to the date of this report"—and among other defendants is the respondent Euphemia A. Hawes, $5,000, interest $2,412.45; a total of $7,412.45—"and that said defendants severally pay into this court, to the chamberlain of the city of New York, the said several sums of money set opposite their names, respectively, as aforesaid."

As pointed out supra, the interlocutory judgment, under which said referee was appointed and by virtue of the provisions of which he acted and filed his report, was reversed by this court after the filing of said report and in April, 1903. Plaintiff, proceeding upon the theory that inasmuch as Mrs. Hawes had not appealed from the interlocutory judgment, and that therefore, so far as she was concerned, it stood unreversed and in full force and effect, in June, 1906, presented to the learned justice who tried the cause a final judgment for settlement, as against Mrs. Hawes solely, for the sum of $7,412.45. The said justice declined to settle said proposed final judgment, and from the order so made the plaintiff appeals.

This is an action in equity, the purpose of which is to procure from all of the directors the amount of their statutory liability, or so much thereof as may be necessary to satisfy the claims of all the creditors. Bauer v. Parker, 82 App. Div. 289, 81 N. Y. Supp. 995. The action has not been severed as to this respondent, and, indeed, it would seem as if in such an action as the one at bar no severance could be had. This is certainly true as to the conditions which existed at the time of the entry of the interlocutory judgment, for one of the grounds for the reversal of that judgment by this court was that, as the plaintiff had released, for a money consideration, one of the directors, who was a party to the action and had been served, and had discontinued the action against him, he had released from the action a necessary party

for the complete determination of the questions involved, and that after the action had been discontinued as to said director it must be treated as if he had never been made a party defendant. The court said:

"It would seem to follow, therefore, that the act of the plaintiff in discontinuing the action against one director created a defect of parties defendant, which, objection being properly taken, is fatal to the judgment."

So that this position is presented: An action in equity in which all the directors must be made parties defendant. An interlocutory decree. An appeal therefrom, resulting in a judgment reversing said decree and directing a new trial. No new trial had. Plaintiff attempting to enter a final judgment against one of the directors, all of whom are required to be parties to the suit, upon an interlocutory judgment which has been reversed, but from which judgment the director proceeded against did not appeal. But, unless an action is severed, there can be but one final judgment.

Section 1205 of the Code of Civil Procedure provides that:

"Where the action is against two or more defendants and a several judgment is proper, the court may, in its discretion, render judgment or require the plaintiff to take judgment against one or more of the defendants and direct that the action be severed and proceed against the others as the only defendants therein."

At the time of the entry of the interlocutory judgment a several judgment was not proper, and a several judgment was not entered. The final judgment, following and being based upon the interlocutory judgment, cannot, under the circumstances here disclosed, be now entered as a several judgment.

Section 1220 provides that:

"Where an issue of law and an issue of fact arise, with respect to different causes of action, set forth in the complaint, and final judgment can be taken, with respect to one or more of the causes of action, without prejudice to either party in maintaining the action, or a defense or counterclaim, with respect to the other causes of action, or in the recovery of final judgment upon the whole issue, the court may, in its discretion, and at any stage of the action, direct that the action be divided into two or more actions, as the case requires."

This section does not apply, since separate issues of law and fact are not presented, nor different causes of action.

The appellant contends that the reversal of the interlocutory judgment upon the appeal of certain other defendants did not affect the binding force of that judgment against the defendant Euphemia A. Hawes, as to whom it remains in full force and effect, and in support of that contention cites Newburg Savings Bank v. Town of Woodbury, 64 App. Div. 305, 72 N. Y. Supp. 222. In that case the plaintiff bank had advanced to the town of Woodbury, through the supervisor, $4,000, taking four of the bonds of the town, which had been issued under the provisions of chapter 664, p. 1223, of the Laws of 1892, authorizing the reimbursement of drafted men within the town of Woodbury. The town, through its supervisor, paid the $4,000 received on such bonds to the county treasurer, and simultaneously, through its collector, a further sum of $1,346, received by taxation for the same purpose. These two sums, aggregating $5,346, were deposited in the county

treasurer's "general account" and transferred to the "drafted men's account." The defendants Earle, Owens, and Stokem presented vouchers for payment of the commutation moneys under the draft of 1863, and these were duly paid by the county treasurer under the impression that the defendants were entitled to the money under the laws of the state. Subsequently the Court of Appeals, in Bush v. Supervisors, 159 N. Y. 212, 53 N. E. 1121, 45 L. R. A. 556, 70 Am. St. Rep. 570, held chapter 664, p. 1223, of the Laws of 1892, unconstitutional, and the plaintiff bank brought the action, claiming the right to recover the money advanced by it, whether in the hands of the county treasurer or of the individual defendants, who had received the said commutation money. The decree provided that the county treasurer repay the money he held, $1,782, and that the defendants Owens, Earle, and Stokem each repay to plaintiff $767.25, and from the judgment entered the defendants Earle and Owens appealed. The county treasurer, who was merely the custodian of the fund in his hands, claimed no interest in the money, and asked that he be protected in making disposition of the same under the judgment, and there was no appeal from the decree or the judgment in so far as it directed the repayment of the funds in his hands to the plaintiff. It will be seen from the statement of facts that there was no community of interest as between the county treasurer, who still had in his hands moneys advanced by the bank, for the purpose of paying the commutation to drafted men, and the drafted men, to whom previous sums had already been paid. The county treasurer asserted no claim to the money, and after the decision of the Court of Appeals no other drafted man would have any claim on him for a payment of any of the money in his hands, and therefore the case came directly under section 1205 of the Code of Civil Procedure, cited supra, and the court was entirely right in saying, under the circumstances disclosed, that, the court "having directed judgment against the several defendants in the amounts found to be due from them, that judgment must stand as to all parties who have not appealed."

The citation from 2 Freeman on Judgments, § 481, found in the opinion in the last case cited and relied upon by the appellant here, is an authority against him, for it says:

"Where a judgment is against two or more persons, one only of whom appeals, its reversal, if the judgment was binding upon the defendants jointly, or if all must co-operate in complying with the judgment, affects the parties who did not appeal to the same extent as those who did."

The very purpose of this equitable action is to determine in one suit the claims of all the creditors as against the statutory liabilities of all the directors, and the accounting ordered by the interlocutory judgment under which the rights and liabilities were to be arrived at required the bringing in of the claims of all the creditors on the one side and the ascertainment of the liabilities of all the directors on the other side, and therefore, as "all must co-operate in complying with the judgment," and reversal "affects the parties who did not appeal to the same extent as those who did." It seems to me clear that the interlocutory judgment cannot be availed of as against this defendant, and that in view of the decision on the former appeal there can be no severance in such an action.

The appellant further claims that the conditions disclosed by the accounting make it evident that the reason for the decision of this court on the former appeal is of no force and effect, because it is now made to appear that the proved claims of creditors so far exceed the sum of the liabilities of all the directors, including those not made a party, as well as those still in the case, that the full amount of the statutory liability can be required to be paid by each of the directors sued. The answer to that claim is that whether or not the entry of the final judgment as proposed is proper must depend upon the facts as they existed at the time of the entry of the interlocutory judgment. Upon those facts this court held that the interlocutory judgment was erroneous and must be reversed. There is nothing which has occurred since that time which, upon the record, can be considered upon the question as to whether or not that reversal was proper, because, although prior to the reversal the referee, appointed under the interlocutory judgment, had proceeded to take evidence and make his report, those proceedings must fall because solely based upon a judgment which has been reversed. Even if a final judgment as proposed could now be entered, the respondent could appeal therefrom, and upon said appeal review the interlocutory judgment, under section 1316 of the Code of Civil Procedure, which provides that:

"The right to review an interlocutory judgment * * * as prescribed in this section is not affected by the expiration of the time within which a separate appeal therefrom might have been taken."

Upon said review, the interlocutory judgment would have to stand or fall upon the same record as was presented to this court on the former appeal, and would therefore have to be reversed as to the respondent, as it already has been as to the directors who took the former appeal, and, being reversed as to her, of course the final judgment based thereon would also fall. But we do not place our decision upon this ground, but rather upon the ground that there has been no severance. This court ordered a new trial upon its former reversal of the interlocutory judgment, and until such new trial shall have been had there can be no final judgment entered.

Therefore the order appealed from should be affirmed, with $10 costs and disbursements to the respondent. All concur.