BAUER v. HART et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

DISMISSAL—WANT OF PROSECUTION.

Dismissal for want of prosecution of an action brought in 1892 to charge the trustees of a corporation with a liability imposed by the act of incorporation was properly refused, where an interlocutory judgment entered July 13, 1899, was reversed in April, 1903, on the appeal of several defendants, including the movants for dismissal, and since then several defendants have died and there has been delay in reviving the actions against their personal representatives.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140. 141.]

Appeal from Special Term.

Action by Louis Bauer against George S. Hart and others, impleaded with others. From an order denying a motion to dismiss for want of prosecution, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred H. Holbrook, for appellants.
H. V. Rutherford, for respondent.

INGRAHAM, J. This action, which was to charge the trustees of a corporation with the liability imposed by the act of incorporation, was commenced in March, 1892. There had been an interlocutory judgment entered on July 13, 1899, which, in April, 1903, was reversed by this court on the appeal of seven of the defendants, including the moving parties. Since that time several of the defendants have died, and there has been delay in reviving the actions against their personal representatives, and the case has not been again brought on for trial. We have come to the conclusion that the court below was justified in

denying this motion upon the papers presented. We express no opinion upon the effect of the fact that the indebtedness of the corporation largely exceeds the liability of all the directors as to the necessity of making all of the directors or their personal representatives parties. That question can be submitted and determined upon the trial of the action. We think, however, that the case should now be disposed of, and the affirmance of this order is without prejudice to a renewal of the motion in the event that the plaintiff should not promptly bring the case on for trial.

The order is therefore affirmed, with $10 costs and disbursements. All concur.

James C. Foley, for appellants.
H. V. Rutherford, for respondent.

