denying this motion upon the papers presented. We express no opinion upon the effect of the fact that the indebtedness of the corporation largely exceeds the liability of all the directors as to the necessity of making all of the directors or their personal representatives parties. That question can be submitted and determined upon the trial of the action. We think, however, that the case should now be disposed of, and the affirmance of this order is without prejudice to a renewal of the motion in the event that the plaintiff should not promptly bring the case on for trial.

The order is therefore affirmed, with $10 costs and disbursements. All concur.

---

### BAUER v. PARKER et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

Appeal from Special Term.

Action by Louis Bauer against Henrietta M. Parker, as executrix of John L. Macaulay, impleaded with others. From an order denying a motion to dismiss the complaint for failure to prosecute, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

James C. Foley, for appellants.
H. V. Rutherford, for respondent.

PER CURIAM. The order appealed from is affirmed, with $10 costs and disbursements, for the reasons stated on the appeal in this action by the defendants George S. Hart and others. 106 N. Y. Supp. 877.

---

### PEOPLE v. DUFFY–McINNERNY CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. TAXATION—TRANSFER OF CORPORATE STOCK—TRANSFERS SUBJECT TO TAX—ORIGINAL ISSUANCE OF STOCK.

    The original issuance of stock by a corporation is not within Laws 1905, p. 474, c. 241, as amended by Laws 1906, p. 1008, c. 414, imposing a tax on all sales or transfers of corporate stock, whether made on or shown by the books of the corporation, or by any assignment in blank, or by any delivery or any paper or other evidence of transfer or sale.

2. SAME—PROPERTY LIABLE.

    A tax will not be held to be imposed on property, except by language clearly indicating the intent of the Legislature to render the same subject to tax.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 134.]

Submission of controversy between the people of the state of New York and the Duffy-McInnerny Company, under Code Civ. Proc. § 1279, as to whether the original issuance of its stock by defendant was subject to tax under Laws 1905, p. 474, c. 241, as amended by Laws 1906, p. 1008, c. 414. Judgment directed for defendant.